**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                   CASE NO. 8:14-CV-2782-T-EAK-AEP

TOMMY E. THOMPSON,

    Defendant.
_____/

**DEFAULT FINAL JUDGMENT**

      This matter having come before the Court upon Plaintiff, United States of America's, Motion for Entry of Default Final Judgment against Defendant, Tommy E. Thompson, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the summons and complaint served by the Plaintiff, and for good cause shown, it is hereby

      **ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff, the United States of America, and against Defendant, Tommy E. Thompson, upon the Complaint herein, and it is further

**ORDERED AND ADJUDGED** that Plaintiff recover of the Defendant, Tommy E. Thompson, the sum of $12,648.86 consisting of $1,428.55 unpaid principal, plus $2,312.83 in interest at the variable rate of 3.420% for Account No. 2012A27226 and $2,778.57 unpaid principal, plus $5,148.81 at the rate of 8.000% for Account No. 2012A27334 through December 18, 2014, in accordance with the supporting documentation attached as Exhibits "B" and "C" to Plaintiff's Motion for Entry of Default Final Judgment, per annum to the date of this judgment, together with a Fee for Service and Travel, per 28 U.S.C § 1921 of $40.00, plus Attorney's fees of $940.00.

The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C § 1070 *et seq.,* (the "Act"). The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay ... reasonable collection costs." 20 U.S.C. § 1091a(b)(l); *United States v. Vilus*, 419 F. Supp.2d 293, 296-97. One of the statute's implementing regulations specifies that "[i]f a borrower defaults ... the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R. § 3060 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include ... [c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8) for all of which sums let execution issue. It is further,

**ORDERED AND ADJUDGED** that this judgment shall bear interest at the rate as

prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, *et seq.*, 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff' address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, Florida, 33134 and U.S. Department of Education, 50 Beale St., Suite 8601, San Francisco, California, 94105. Defendant's address is: Tommy E. Thompson, 4306 Sherwick Drive, Tampa, Florida, 33610.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 15th day of January, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: Steven M. Davis, Esq.(Two Certified Copies)
    Tommy E. Thompson, Pro Se